IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY LEE VOGELSANG,

        Petitioner,                  No. CIV S-06-1671 FCD DAD P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS AND
REHABILITATION, et al.,               <u>ORDER AND</u>

        Respondents.          <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner confined in Mule Creek State Prison. Petitioner's pro se petition for writ of habeas corpus and application to proceed in forma pauperis are before the court.

        The pleading received from petitioner on July 31, 2006, is titled "Petitioner's Writ of Habeas Corpus Requesting a Permanent Injunction and Temporary Restraining Order." On the attached habeas petition form, petitioner indicates that the information concerning his conviction is not applicable because his petition concerns conditions of confinement. In an attached letter to the Clerk of the Court, petitioner states that his petition concerns conditions of confinement and he would like a ruling on his request for injunctive relief prior to July 1, 2006. Other attachments reveal that petitioner's claims arise from new property rules. Petitioner

complains that male inmates are permitted only two appliances while female inmates are permitted three if one is a hair care appliance. Petitioner seeks an order requiring prison officials to allow him a third appliance as long as it is a hair care appliance. Petitioner alleges other claims concerning personal property as well.

A federal district court cannot entertain a petition for writ of habeas corpus brought by a person in custody pursuant to the judgment of a state court unless the habeas petition has been brought on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Federal habeas relief is available only for challenges to the duration or legality of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

The habeas petition filed in this action must be dismissed because it does not state a basis for federal habeas corpus relief. See Rule 4, Fed. R. Governing § 2254 Cases ("If it plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ."). Petitioner's in forma pauperis application will be denied, and the undersigned will recommend that the district judge dismiss this habeas case without prejudice.

The Clerk of the Court will be directed to provide petitioner with a civil rights complaint form and the in forma pauperis application form to be submitted with such a complaint. If petitioner chooses to file a civil rights complaint, his complaint and in forma pauperis application must be submitted for filing as a new action. The case number assigned to this habeas case should not be included on the civil rights complaint, as a new case must be opened and a new case number will be assigned.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's July 31, 2006 application to proceed in forma pauperis is denied;

2. The Clerk of the Court shall send petitioner a civil rights complaint form and the in forma pauperis application used in civil rights actions in this district; and

1          IT IS RECOMMENDED that this action be dismissed without prejudice because it plainly appears from the face of the habeas petition that petitioner is not entitled to federal habeas corpus relief.

          These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 22, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
voge1671.156